IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANTONIO BORRAS-BORRERO, IVELISSE SERRANO-RODRIGUEZ and the conjugal partnership composed by them<br><br>Plaintiffs<br><br>vs<br><br>STATE INSURANCE FUND CORPORATION; LUZ ESTRADA-FIGUEROA; MIGDALI RAMOS-RIVERA; FRANCISCO IRLANDA-MENDEZ; MARIA ENID BARRETO-RODRIGUEZ; JUAN M. ESCOBAR-DEL VALLE<br><br>Defendants | CIVIL 16-1114CCC |

**ORDER**

Before the Court is co-defendant State Insurance Fund Corporation's ("SIFC") Motion to Dismiss (**d.e. 11**), plaintiffs' Opposition (d.e. 14), defendant's Reply (d.e. 20), and plaintiff's Sur-Reply (d.e. 22-1).

**BACKGROUND**

On January 21, 2016, plaintiffs Antonio Borrás-Borrero, Ivelisse Serrano-Rodríguez, and the conjugal partnership composed by them filed their Complaint (d.e. 1) alleging that defendants conspired and acted to violate their rights under the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, Puerto Rico Law No. 115 of December 20, 1991, and the Constitution of Puerto Rico. Plaintiffs seek relief under 42 U.S.C. §§ 1983 and 1988, and Articles 1802 and 1803 of the Puerto Rico Civil Code. On April 29, 2016 defendant SIFC filed the instant Motion (d.e. 11) requesting dismissal on the grounds that (1) it is entitled to Eleventh Amendment Immunity, (2) the Court should abstain from ruling on the case pursuant to the

CIVIL 16-1114CCC                         2

Younger Abstention Doctrine, and (3) plaintiffs failed to state a claim upon which relief can be granted.

**PLEADING STANDARD**

The Eleventh Amendment bars money damage claims under Section 1983 asserted by a private individual against an unconsenting state. Will v. Michigan Dept. of Police, 491 U.S. 58, 62 (1989); Wilson v. Brown, 889 F.2d 1195, 1197 (1st Cir. 1989).

In Ursulich v. Puerto Rico National Guard, 384 F. Supp. 736, 737 (D.P.R. 1974), the Court held that "it is inherent in the nature of sovereignty not to be amenable to suit without consent.  This principle applies with full force to the states of the Union.  Likewise, this principle is applicable to Puerto Rico."

The First Circuit has held that the Eleventh Amendment deprives the federal court from hearing claims for damages against the Commonwealth of Puerto Rico.  Figueroa-Rodríguez v. Aquino, 863 F.2d 1037, 1044 (1st Cir. 1988); Ramírez v. Puerto Rico Fire Service, 715 F.2d 694, 697 (1st Cir. 1983).  The Eleventh Amendment, despite the absence of any express reference, pertains to Puerto Rico in the same manner, and to the same extent, as if Puerto Rico were a State."  De León López v. Corporación Insular de Seguros, 931 F.2d 116, 121 (1st Cir. 1991).  See also, Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct and Sewer Authority, 945 F.2d 10, 11 n.1 (1st Cir. 1991), reversed and remanded on other grounds, 503 U.S. 139 (1993); Rodríguez García v. Dávila, 904 F.2d 90, 98 (1st Cir. 1990).

CIVIL 16-1114CCC                    3

**DISCUSSION**

As SIFC correctly notes in its Motion to Dismiss (d.e. 11), we previously held on May 6, 2014 that the SIFC is "cloaked by Eleventh Amendment immunity" as "it has been clearly structured by Puerto Rico to Share its Sovereignty."  Antonio Bisbal-Bultron, et al. v. State Insurance Fund Corporation, et al., Civil No. 10-1555 (CCC) (d.e. 80).  Plaintiff argues in its Sur-Reply (d.e. 22-1) that the recent decisions by the Supreme Court of the United States Puerto Rico v. Sanchez Valle, 136 S. Ct. 1863, 1866, 195 L. Ed. 2d 179 (2016) "reverses, supersedes and overrides all of the First Circuit Court of Appeals cases holding that the Commonwealth of Puerto Rico has a state of the union like Eleventh Amendment sovereignty immunity . . . ." We agree with our sister courts in Diaz Morales v. Commonwealth of Puerto Rico, No. CRIM. 15-1096 GAG, 2015 WL 4742512, at *1 (D.P.R. Aug. 11, 2015), Commonwealth of Puerto Payne v. Alvarez-Ortiz, No. CV 16-2958 (GAG), 2017 WL 118043, at *2 (D.P.R. Jan. 12, 2017), and Berio-Ramos v. Flores-Garcia, No. CV 13-1879 (PAD), 2016 WL 270385, at *1 (D.P.R. Jan. 21, 2016) that Sanchez Valle did not erode Puerto Rico's Eleventh Amendment sovereign immunity.  Therefore, we see no reason to shift course, and we incorporate in full our reasoning in Bisbal-Bultron.  Accordingly, partial judgment will be entered DISMISSING the claims brought by plaintiffs against defendant State Insurance Fund Corporation.

SO ORDERED.

At San Juan, Puerto Rico, on March 22, 2017.

S/CARMEN CONSUELO CEREZO
United States District Judge